

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Edgar Hutchins
County Attorney
Hunt County
Greenville, Texas

Opinion No. 0-6978

Re: Private sale by a city, after the
redemption period, of land pur-
chased at a tax foreclosure sale

Dear Sir:

In your letter of May 13, 1946, you request the opinion of this department as to the validity of a sale as described therein as follows:

"The particular thing I have in mind is as follows: More than two years ago the City of Commerce, Texas purchased a piece of property at a tax sale in this county for itself and in trust for the State of Texas and the County of Hunt. The property is not worth the total amount of the judgment and no adjudged value was placed on the property in the judgment. The two year period of redemption on this property has expired. It appears that under authority of Section 9 of Article 7345b the City of Commerce has authority to convey this property at private sale to a purchaser for an amount less than the total judgment provided they secure a written agreement to such sale by the Commissioners Court on behalf of the county and the County Tax Collector on behalf of the State of Texas.

"The question we want answered by your department is whether or not the procedure outlined in the preceding paragraph is valid."

We assume from your letter that the six months period after the two year redemption period has also expired. We

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Edgar Hutohins - Page 2

also note that the judgment of the court deoreed no ad-
judged value of the property. Section 5 of Art. 7345b,
V. A. C. S., as amended, provides as follows:

"Sec. 5. Upon the trial of said cause the
Court shall hear evidence upon the reasonable fair
value of the property, and shall incorporate in its
judgment a finding of the reasonable fair value
thereof, in bulk or in parcels, either or both,
as the Court may deem proper, which reasonable fair
value so found by the Court is hereafter sometimes
styled 'adjudged value,' which 'adjudged value'
shall be the value as of the date of the trial and
shall not necessarily be the value at the time the
assessment of the taxes was made; provided, that
the burden of proof shall be on the owner or owners
of such property in establishing the 'fair value'
or adjudged value as provided in this section."

It has been held that in the absence of a showing
of prejudice, the failure on the part of the court to establish
an "adjudged value" would not operate to invalidate the judg-
ment. In the case of Burson v. City of Silverton, 138 S. W.
(2d) 921, in an opinion written by Justice Folley, the Amarillo
Court of Civil Appeals stated as follows:

"Furthermore, there is no showing that the
court was requested by the appellant to adjudge the
value of the property. The trial court no doubt
would have complied with such a request had it been
made. No prejudice having been shown by the courts
omission in this respect the assignment is over-
ruled."

The rule of law was again stated by the same court
in the case of Love v. Spur Independent School District, 143
S. W. (2d) 793, as follows:

"The defendant complains of the failure of the
court to find and announce in his judgment the
reasonable 'fair value' of the property on which taxes
were due for the years 1935 and all prior years as
required by article 7345b, section 5. The defendant
did not appear in the trial court, did not attack
the assessed value of the property, did not furnish
a statement of facts, nor does he contend in this

Honorable Edgar Hutchins - Page 3

court that his property was not assessed at a 'fair value'. The statute provides that the burden of proof shall be on the owner of delinquent property to establish the 'fair value' as provided therein.

"In Burson v. City of Silverton, Tex. Civ. App., 138 S. W. (2d) 921, this court in an opinion by Associate Justice Folley determined this question in principle against the defendant's contention."

Section 9 of Article 7345b, V. A. C. S., reads in part as follows:

"Sec. 9. If the property be sold to any taxing unit which is a party to the judgment under decree of court in said suit, the title to said property shall be bid in and held by the taxing unit purchasing same for the use and benefit of itself and all other taxing units which are parties to the suit and which have been adjudged in said suit to have tax liens against such property, pro rata and in proportion to the amount of the tax liens in favor of said respective taxing units as established by the judgment in said suit, and costs and expenses shall not be payable until sale by such taxing unit so purchasing same, and such property shall not be sold by the taxing unit purchasing same for less than the adjudged value thereof or the amount of the judgments against the property in said suit, whichever is lower, without the written consent of all taxing units which in said judgment have been found to have tax liens against such property; and when such property is sold by the taxing unit purchasing same, the proceeds thereof shall be received by it for account of itself and all other said taxing units adjudged in said suit to have a tax lien against such property, and after paying all costs and expenses, shall be distributed among such taxing units pro rata and in proportion to the amount of their tax liens against such property as established in said judgment. Consent in behalf of the State of Texas under this Section of this Act may be given by the County Tax Collector of the county in which the property is located.

"Provided that if sale has not been made by such purchasing taxing unit before six months after the

Honorable Edgar Hutchins - Page 4

redemption period provided in Section 12 hereof has
expired, it shall thereafter be the duty of the
Sheriff upon written request from any taxing unit
who has obtained a judgment in said suit, to sell
said property at public outcry to the highest bidder
for cash at the principal entrance of the courthouse
in the county wherein the land lies, after giving
notice of sale in the manner now prescribed for sale
of real estate under execution. . . ."

The Supreme Court of Texas in the case of Little v.
Dennis, 187 S. W. (2d) 76, held that this statute does not
authorize the State to sell property at a private sale. We
do not interpret the holding and reasoning of the Court in that
case to go so far as to prohibit a private sale by a city which
has purchased property at a tax foreclosure sale.

Opinion No. 0-5072 of this department contains the
following language:

"Section 9 of Article 7345b authorizes both
private and public sales, and a private sale may be
made either before or after the redemption period.
However, the taxing unit which purchased the property
may not sell the same for less than the adjudged value
thereof or the amount of the judgments against the
property in the suit, whichever is lower, without the
written consent of all the other taxing units which in
the judgment have been found to have tax liens against
such property."

In our Opinion No. 0-5698, this department ruled that
a school district could make a private sale four years after
the tax foreclosure sale. The following is the holding con-
tained therein:

"We do not construe the quoted portion of
Section 9 as making a sheriff's sale the only sale
method available subsequent to the passage of the six
months after the redemption period. The taxing units
are still at liberty to effect a private sale under
the written consent provision of the first paragraph
of Section 9. The evident intent of the legislature
in adding the sheriff's sale provision was to afford
relief when taxing units might be unable to agree
with one another on a sale price. Therefore, al-
though over four years have passed since the

Honorable Edgar Hutchins - Page 5

foreclosure sale, a sheriff's sale is unnecessary, and the property may be sold at private sale under the conditions set out in the first paragraph of Section 9."

You are accordingly advised that under the facts stated in your letter the contemplated private sale would be authorized. In as much as no adjudged value was set on the property, its private sale at any price under the amount of the tax judgment would require the written consent of the other taxing units who were parties to the judgment. The Commissioners Court for the County and the County Tax Collector for the State are authorized to give such consent.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 3, 1946

By Billy B. Goldberg
Billy B. Goldberg
Assistant

FIRST ASSISTANT
ATTORNEY GENERAL

BBG:jt


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN